IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DEMITRIUS LANCASTER, | ) |
| Movant, | ) |
| v. | ) Case No. 1:21-cv-00056 |
| | ) Judge Trauger |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Demitrius Lancaster, an inmate of the U.S. Penitentiary-Victorville in Adelanto, California, filed a motion under 28 U.S.C. § 2255 (Doc. No. 1) to vacate, set aside, or correct the sentence imposed by this court on September 14, 2020. *See United States v. Lancaster*, Crim. No. 1:19-cr-00006, Doc. No. 88 (M.D. Tenn. Sept. 16, 2020).

The motion is before the court for an initial review under Rule 4 of the Rules Governing Section 2255 Proceedings, which requires the court to examine the motion to ascertain as a preliminary matter whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Gov'g § 2255 Proceedings. If so, the court "must dismiss the motion and direct the clerk to notify the moving party." *Id.*

The movant pled guilty to four charges related to his distribution of crack cocaine and one charge of being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Crim. No. 1:19-cr-00006, Doc. Nos. 47–49; Doc. No. 88 at 1–2.) The court subsequently imposed a

sentence of 96 months' incarceration followed by four years of supervised release. (*Id.*, Doc. No. 88 at 3–4.)

In his motion, the movant first asserts that he is being held in violation of the Constitution or federal law "based on the § 922(g) issue at hand . . . in light of *Rehaif* [*v. United States*], 139 S. Ct. 2191 (2019)," which requires the government to prove that he "knew that he possessed a firearm and also that he was a felon barred from possessing a firearm." (Doc. No. 1 at 4.) The movant claims that he "was never questioned concerning any and all colloquy that he had [such] knowledge." (*Id.* at 11.) He compares his case to those of the movants in *United States v. Jones*, No. 3:20-cv-430, 2021 U.S. Dist. LEXIS 18838 (S.D. Ohio Feb. 1, 2021), *report and recommendation adopted in part and rejected in part*, 2021 U.S. Dist. LEXIS 70296, 2021 WL 1345621 (S.D. Ohio Apr. 9, 2021), and *Baker v. United States*, No. 19-6025, 2020 U.S. App. LEXIS 8025 (6th Cir. Mar. 12, 2020), which addressed issues of *Rehaif*'s retroactive application to cases on collateral review.

The movant also cites a Seventh Circuit decision, *United States v. Rollins*, 836 F.3d 737 (7th Cir. 2016), that rejected the use of a prior conviction in the application of the career offender guideline when that prior conviction was categorized "as a predicate crime of violence based on the [Sentencing Commission's] application note alone," rather than the actual text of the guideline (§ 4B1.2) to which the application notes are appended. *Id.* at 742. However, the motion merely quotes from *Rollins* without explaining how the decision applies to the movant's case. (*See* Doc. No. 1 at 4, 11.)

## II. ANALYSIS

Even liberally construing the motion in favor of the movant, it plainly appears from the record of proceedings in his criminal case that he is not entitled to relief from his sentence on any ground raised in his motion.

First, unlike the movants in *Jones* and *Baker* whose felon-in-possession convictions were final prior to the decision in *Rehaif* and its clarification of the elements subject to proof in a Section 922(g)(1) prosecution,[1] the plea agreement signed by the movant before this court explicitly accounts for the effects of *Rehaif*, as follows:

> As set forth below, the defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year (i.e., a felony) and knew that he had been convicted of that crime prior to the date alleged in the indictment. Defendant agrees that following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the charging language contained in the indictment is insufficient, as it did not require a Federal Grand Jury to find that defendant knew he was a felon at the time he possessed the firearm and ammunition listed above. Defendant hereby agrees to plead guilty to being a felon in possession and waives his right to have the United States re-present his case to the Grand Jury and seek a superseding indictment post-*Rehaif*.

(Crim. No. 1:19-cr-00006, Doc. No. 49 at 2.) The plea agreement goes on to detail the movant's prior felony convictions and the factual basis for the remaining elements of Section 922(g)(1). (*Id.* at 7–8.) This judge, who took the movant's plea and sentenced him in the underlying criminal case, always goes over the plea agreement in detail during the change-of-plea hearing. This court handled several cases such as this one, where the indictment was returned before the U.S. Supreme Court issued the *Rehaif* decision and where, as here, the defendant explicitly waived his right to

---

[1] As the movant notes, *Rehaif* requires "the Government [to] prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021). Thus, "[t]o obtain a conviction under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that: (1) the defendant was a felon; (2) the defendant knew he was a felon (from *Rehaif*); (3) the defendant knowingly possessed a firearm; and (4) that the firearm had traveled through interstate commerce." *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020) (citing *Rehaif*, 139 S. Ct. at 2200).

have his case re-presented to the grand jury in order to address the element of the offense that the defendant knew he was a convicted felon at the time he possessed the weapon. This court was always very careful to go over that waiver during the plea colloquy to make sure that the defendant understood his rights and the waiver contained in the plea agreement. Moreover, here, the factual basis for the plea, which is always read aloud during the change-of-plea hearing by a representative of the government, contains this language:

> With respect to Count 4 of the indictment, on December 19, 2018, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. In fact, the defendant knew on December 19, 2018, that he had been previously convicted of, at least, the following, some of which he was convicted of multiple times and all of which were punishable by imprisonment for a term exceeding one year: [list of nine felonies].

(*Id.*) It is this court's practice to always ask the defendant, following the recitation of the factual basis for the plea, whether he agreed with the recitation of facts and if the government agent had accurately informed the court of that factual basis. If the defendant does not agree, there is additional discussion and sometimes rejection of the plea. Here, if the movant had disagreed that he knew he was a felon on the date he possessed the weapon, the court would not have accepted his plea of guilty to that offense.

Even if the movant had not been explicitly questioned during his plea colloquy about his knowledge of his status as a felon, and thus not fully informed of the nature of the charge as required by Federal Rule of Criminal Procedure 11, "*Rehaif* claims are subject to § 2255 review for harmless error." *United States v. Session*, No. 17-CR-00089-PJH-1, 2020 WL 6381353, at *2 (N.D. Cal. Oct. 30, 2020) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). And the uncontroverted evidence that the movant had at least nine prior felony convictions (*see* Crim. No. 1:19-cr-00006, Doc. No. 49 at 7–8) is easily sufficient to show that any Rule 11 error under *Rehaif* did not result in actual prejudice, but was harmless. *See Session*, at *2–4; *see also Greer*, 141 S.

4

Ct. at 2098–2100 (observing that "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: [c]onvicted felons typically know they're convicted felons'" (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)); finding that prejudice must be shown because "a *Rehaif* error in a plea colloquy is . . . not structural," and that defendant could not demonstrate prejudice because he "admitted that he was a felon when he pled guilty" and offered no reason to believe that he would present evidence at trial that he did not in fact know he was a felon when he possessed a firearm).

As to the second issue raised in the motion, the movant's citation to the Seventh Circuit's decision in *Rollins* is unavailing. The conditions for the application of the career offender guideline, § 4B1.1, are the same conditions that the movant admitted were present in his plea agreement: "he was at least eighteen years old at the time of the instant offense, the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." (Crim. No. 1:19-cr-00006, Doc. No. 49 at 9, 10); U.S.S.G. 4B1.1(a). Guideline § 4B1.2 defines these terms as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).
>
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a

5

counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. 4B1.2.

The motion does not specify which of the movant's prior convictions are alleged to fall outside the specific definitions of "crime of violence" or "controlled substance offense" contained within the text of guideline § 4B1.2(a) or (b), versus the identification of such offenses in that guideline's application notes, as the Seventh Circuit was concerned with in *Rollins*. Notably, although the first application note following this guideline states that "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses," U.S.S.G. 4B1.2 comment (n.1), the Sixth Circuit has endorsed the *Rollins* approach and concluded that "attempt crimes" could not be added to guideline § 4B1.2(b)'s list of controlled substance offenses by way of application note 1. *United States v. Havis*, 927 F.3d 382, 386–87 (6th Cir.), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019). But here, only one of the movant's prior felony convictions was for an attempt crime; several more were for crimes that indisputably qualified him for career offender status under the text of § 4B1.2, including at least two crimes of violence (aggravated assault and aggravated robbery) and at least one controlled substance offense. (*See* Crim. No. 1:19-cr-00006, Doc. No. 49 at 7–8.) Thus, his sentence is not assailable under *Rollins*.

### III. CONCLUSION

In sum, upon initial review of the motion it plainly appears that the movant is not entitled to relief under Section 2255. The motion (Doc. No. 1) is **DENIED** and this action is **DISMISSED**. Rule 4(b), Rules Gov'g § 2255 Proceedings.

The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a Section 2255 movant. Rule 11(a), Rules Gov'g § 2255 Proceedings. No appeal

6

may be taken unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," but courts should not issue a COA as a matter of course. *Id.* at 337.

Because reasonable jurists could not debate whether the movant's claims should have been resolved differently or deserve encouragement to proceed further, the court **DENIES** a COA. For the same reasons, the court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3). If the movant desires to appeal, he must seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2255 Proceedings.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge